# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––––––

No. 24-2064
Filed April 1, 2026

––––––––––––––––––––

**Stephanie Lynn Knecht,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

––––––––––––––––––––

Appeal from the Iowa District Court for Woodbury County,
The Honorable Roger J. Sailer, Judge.

––––––––––––––––––––

**AFFIRMED**

––––––––––––––––––––

Allan M. Richards, Tama, attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

––––––––––––––––––––

Considered without oral argument
by Chicchelly, P.J., Buller, J., and Doyle, S.J.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

Stephanie Knecht appeals the denial of her application for postconviction relief (PCR) concerning her convictions for domestic abuse assault and possession of a firearm by a domestic abuser. She alleges ineffective assistance of counsel.[1] Because we find that Knecht did not establish that her counsel failed to perform an essential duty nor that prejudice resulted, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

On January 8, 2023, Knecht was arrested pursuant to a complaint charging domestic abuse assault causing bodily injury. The complaint further alleged that Knecht had assaulted her father with whom she resided. The next day, Knecht was informed that a no-contact order would be issued. The district court judge entered a temporary no-contact order that indicated Knecht could not possess, ship, transport, or receive any firearms. The form also indicated that Knecht was personally served with a copy of the order.

On January 21, 2023, four days after an order was entered granting Knecht pretrial release, Knecht was arrested again. A second complaint was

---

[1] Knecht also raises an actual-innocence argument. To pursue her actual-innocence claim, Knecht must "show by clear and convincing evidence that despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the *newly discovered evidence*." *See Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018) (emphasis added) (highlighting throughout the analysis the framework's requirement of newly-discovered evidence.). Because Knecht claims actual innocence in reliance upon an alibi defense that she was aware of at the time she had signed the guilty plea, the newly-discovered evidence requirement is not met. Further, because Knecht merely raises some issues of fact about what might or might not have happened, she fails to support by clear and convincing evidence that a reasonable factfinder would or could have found otherwise.

filed, alleging that she had violated the no-contact order by being at her father's home and that she was in possession of a firearm and marijuana at the time. Knecht was then charged with two counts: (1) possession of a firearm by a domestic abuser, and (2) possession of a controlled substance.

On February 23, 2023, Knecht filed a written waiver of rights and guilty plea pursuant to a plea agreement between her and the State that allowed her to plead guilty to possession of a firearm by a domestic abuser in exchange for a suspended prison term with two years of probation, a suspended fine, and dismissal of the marijuana charge. Knecht's plea was accepted by the district court on February 24, 2023.

On June 2, 2023, Knecht initiated a postconviction-relief action by filing an application setting forth ineffective assistance of counsel and actual innocence in the underlying domestic-abuse-assault case as grounds for relief. After the State responded to both the original action and a subsequent amended action with a motion for summary judgment, Knecht again moved to amend her application. Following a hearing held on March 5, 2024, the district court granted Knecht's motion to amend the application and denied the State's motion for summary judgment.

In March 2024, Knecht filed her own motion for partial summary judgment, and the State filed a resistance to Knecht's motion and renewed its motion for summary judgment. The district court granted Knecht's motion for partial summary judgment and denied the State's motion for summary judgment. After a PCR trial, the district court denied Knecht's application. Knecht now appeals.

## STANDARD OF REVIEW

We review PCR proceedings for correction of errors at law. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). However, because ineffective-assistance-of-counsel claims implicate constitutional issues,[2] our review is de novo. *See Goode v. State*, 920 N.W.2d 520, 523–24 (Iowa 2018); *see Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018).

## DISCUSSION

Knecht's sole argument on appeal is that her PCR trial counsel was ineffective in presenting this PCR before the district court. Specifically, Knecht contends her PCR counsel was ineffective for failing to call the alleged victim at the PCR trial.[3] Knecht asserts the failure of her counsel to provide the testimony of the alleged victim was the breach of an essential duty and resulted in the denial of her due process rights. Further, Knecht argues that without the testimony, the Court did not get to see evidence of her guilt and, therefore, could not know if she committed the act which she had been found guilty of.

Ordinarily, we do not address issues presented for the first time on appeal not previously raised and decided by the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). But our supreme court carved out an exception where, in limited circumstances, we have authority to decide ineffective-assistance claims related to postconviction counsel on

---

[2] This consideration is also applicable to the extent Knecht's claim of actual innocence raises constitutional issues as well.

[3] According to the PCR trial record, Knecht claimed that she never assaulted her father and asserted that she had an alibi for the assault, stating she only pleaded guilty because her mother was in the hospital. However, the PCR was devoid of proof as to what the victim would have testified to and how it would have been favorable to Knecht's claim.

postconviction appeal "when the appellate record is adequate." *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018).

Here, consistent with several of our prior decisions, we find the record is not adequate to decide whether Knecht's PCR counsel was ineffective. *See, e.g.*, *Uranga v. State*, No. 24-0196, 2025 WL 1324125, at *3 (Iowa Ct. App. May 7, 2025), *Ernst v. State*, No. 23-1598, 2025 WL 271479, at *6 (Iowa Ct. App. Jan. 23, 2025); *Freese v. State*, No. 23-0139, 2024 WL 2842312, at *2 (Iowa Ct. App. June 5, 2024). Because reaching the merits of Knecht's claim would require us to read into an insufficient record, we affirm. *See Goode*, 920 N.W.2d at 526–27. Instead, Knecht's claims can be filed as a separate application for postconviction relief in district court. *Id.* at 527.

## DISPOSITION

Because the record is not sufficiently developed for our review, we affirm the court's denial of PCR.

**AFFIRMED.**